UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRADLEY G. TUBIN,              )
                               )
        Plaintiff,          )    Case No.: 2:11-cv-00157-GMN-RJJ
  vs.                          )
                               )    **ORDER**
BANK OF AMERICA CORP., et al., )
                               )
        Defendants.         )
                               )

Before the Court is Defendants' Motion to Dismiss (ECF No. 9), which was filed on February 4, 2011. Plaintiff has not filed a Response to the Motion to Dismiss. For the reasons that follow, the Motion to Dismiss will be GRANTED.

## I. BACKGROUND

This case was removed to federal court on January 28, 2011. Shortly thereafter, on February 4, 2011, Defendants filed the instant Motion to Dismiss (ECF No. 9). Pursuant to D. Nev. R. 7-2(b), Plaintiff had fourteen days after service of the Motion to file a Response; therefore, Plaintiff had until February 21, 2011 to file a Response. Not only did Plaintiff fail to meet this deadline, Plaintiff has failed to file any Response at all.

## II. DISCUSSION

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d). As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g., Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002). However, before dismissing a case for failing to follow local rules or for

failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Also, the Court's need to manage its docket is manifest. *See State Farm Mutual Automobile Insurance Company v. Ireland*, 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009). Further, Plaintiff's failure to respond to Defendants' Motion to Dismiss has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense," *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The fifth factor also does not weigh in favor of Plaintiff because his failure to prosecute this case during the past five months suggests that this case would not ultimately be decided on the merits anyway. These four factors outweigh factor (4) and, accordingly, Defendants' Motion to Dismiss (ECF No. 9) will be granted.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 9) is **GRANTED**. This lawsuit is dismissed without prejudice.

DATED this 10th day of June, 2011.

_____
Gloria M. Navarro
United States District Judge